FILED

NOT FOR PUBLICATION

NOV 25 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINGRU LIANG; WENQIAO XU, | No. 13-73111 |
| Petitioners, | Agency Nos.    A200-264-829 |
| v. | A200-264-830 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015**

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Jingru Liang and Wenqiao Xu, natives and citizen of China, petition pro se

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying Liang's application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Liang's experiences in China, considered cumulatively, did not rise to the level of persecution. *See id.* at 1019-21. Substantial evidence also supports the agency's finding that Liang did not demonstrate a well-founded fear of future persecution. *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution "too speculative"). Thus, Liang's asylum claim fails. *See Nagoulko*, 333 F.3d at 1018.

Because Liang failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Liang's CAT claim because she failed to establish it is more likely than not she would be tortured by or the consent or acquiesce of the government if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**